O’Neall J.
dissenting.
In this case I am compelled to dissent from the opinion just delivered. The case was tried before me on the Circuit, and if I had thought there was any error in my instructions to the jury, or that the justice of the case had not been attained, I would not have hesitated to avow my error, and so far as I could, correct it. But however hastily my circuit opinion was formed, now after ample time for reflection, and after all the light which argument could shed on the case, has been obtained, I*am pre *86 fectly satisfied that it was correct; and however much I respect tjie 0pjnj0ng 0f my brethren, it is due to myself, as well as the case, that the reasons for my dissent from their opinion should state^‘
Covenants are either dependent or independent, according to the intention and meaning of the parties, and the good sense of the case: and technical words, should give way to such intention. 1 Saund. Pordage v. Cole, 320, note 4. In order to ascertain this intention, Mr. Williams, the learned editor, lays down four rules, which he says may be useful for that purpose : but he does not pretend that they constitute all the tests, by which we are to determine whether contracts are dependent or independent. Indeed if it depends on intention, rules are nothing more than means, by which, in a case óf doubt, we can ascertain it: If parties so express themselves, that the doing of one thing is made to depend on another, then, whether it is according to rule or not, we are bound to construe the contract to be dependent. For every contract plainly expressed, is the law itself.
I deny that it is the leaning of Courts to construe covenants to be independent: If there is any leaning it is the other way. 1 Peters’ Rep. 465. There is no rule of law better established, or more consistent with the ends of justice, than that two actions shall not be brought where one will cover the whole merits. The doctrine that covenants should always be construed independent, would have the effect to compel A. to sue B. and B. to sue A. The effect may be that a recovery by A. will be exactly balanced by another recovery by B. If the contract had been construed to be dependent, the same result would have been obtained in one case by a verdict for the defendant. But it is said if you construe covenants to be dependent, you may produce injustice: This, as in every other case, may be the result. But the same will and does more frequently happen by constructing covenants to be independent. Is there any justice in compelling a man to pay for property before he has obtained the possession, and saying you have your remedy on the covenant of title 1 Is there any justice in compelling a man to pay in money for a thing which he has contracted to buy and pay for in work 1 To say to him you have your remedy by sueing the other party on his covenant for failing to permit you to do the work, is but poor comfort, after a'verdict in dollars may have *87 brought ruin home to him on a contract, which he could have paid, as he stipulated to do, without loss. There is no such arbitrary rule, that Courts will, when they can, construe contracts to be independent. In the case before us, the plaintiff and defendants contracted that the plaintiff, at sixteen dollars per month, was to hire two of his slaves to the defendants, to be by them employed in boating, and whose hire they were to pay out of the freight of the plaintiff’s cotton crop of that year. The plaintiff put the slaves in the possession of the defendants, but refused to permit them to carry his cotton crop to market. The evident sense and meaning of this contract is, that-the plaintiff should furnish them with his cotton to carry to market, and out of its freight the hire was to be paid. How could the plaintiff on this contract intitle himself to be paid in money for the hire of his negroes 1 Only by shewing that he had offered his cotton to the defendants, and they had refused to receive it. If he had declared on the special contract, he must have made and proved the averment; and if he had failed in either of these respects he must have been nonsuited. He however chose to declare on the common counts, for the hire of his slaves, and the special contract was proved by the defendants in their defence: This, however, cannot change the law of the case; the plaintiff after the special contract, was either not intitled to recover on the commou counts, or if intitled at all, it must have been on shewing that he had performed his part of the special contract. But in this case the question whether the covenants were dependent or independent, does not arise. The plaintiff has stipulated to be paid for the services of his negroes in a given way, and the question is, can he recover any thing else 1 Suppose the plaintiff had hired his negroes at sixteen dollars per month to the defendants, to be paid in good whiskey at $1 per gallon, and the defendants had tendered the whiskey, and he had refused to receive it, could he recover the hire 1 Unquestionably not. The ease before us is exactly that case ; the defendants were to carry the plaintiffs crop of cotton, about sixty or seventy bags, at $2, 50 ets. to market, and out of it to pay the hire of the negroes. They offered to carry the cotton, and the plaintiff refused to permit them to do so, having found it to his interest to sell it at home. He now seeks to make the defendants pay for the hire of his negroes, and I think he is not intitled to do so. *88 With my consent, no man who has violated his part of a contract, shall compel the other to pay for his part. I think the motion ought to be refused.
Motion granted.